IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BOBBY L. WILLIAMS, JR.,          )
                                 )
                 Plaintiff,      )
                                 )    CIVIL ACTION
v.                               )
                                 )    No. 07-4023-JAR-JTR
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
                 Defendant.      )
_____  )


REPORT AND RECOMMENDATION

This case involves two decisions of the Commissioner of
Social Security (hereinafter Commissioner) regarding applications
by plaintiff for disability insurance benefits (DIB) under Title
II of the Social Security Act.  Here plaintiff seeks review of
the second decision denying a request to reopen the first
decision in which the Commissioner determined that plaintiff does
not have sufficient quarters of coverage for disability insurance
benefits.  After refusing to reopen the first decision, the
Commissioner determined in the second decision that because
plaintiff does not have sufficient quarters of coverage, he is
not insured for disability insurance benefits.  The matter has
been referred to this court for a report and recommendation.  The
court finds that it is without subject matter jurisdiction to

review the Commissioner's determination in this case not to
reopen the first decision, finds that substantial evidence in the
record as a whole supports the determination that plaintiff is
not insured for disability benefits, and recommends that the
Commissioner's decision be AFFIRMED.

**I.    Background**

Plaintiff applied for disability insurance benefits on Feb.
29, 2000 and was denied because the Social Security
Administration determined he did not meet the disability insured
status requirement--he had insufficient quarters of coverage.
(R. 53, 105).  Plaintiff disagreed with that determination and
was granted a hearing before Administrative Law Judge (ALJ) Susan
B. Blaney on Aug. 13, 2002.  (R. 105, 627-63).  At that hearing,
plaintiff contended that although the record reflected that he
had only seventeen quarters of coverage through Feb. 1999, he had
recently amended his 1999 tax return to reflect previously
unreported income from self-employment which, when credited to
his account would provide for an additional three quarters of
coverage in 1999, result in twenty quarters of coverage within
the last forty quarters, and establish that he met the disability
insured status requirement at the time of his alleged onset of
disability.

On Oct. 11, 2002 ALJ Blaney issued a decision (the first
decision) in which she found that plaintiff "is not entitled to

-2-

any additional quarters of coverage based on amended self-
employment earnings reported on his amended 1999 United States
income tax return." (R. 113). The record contains no "Request
for Review of Hearing Decision/Order" regarding the first
decision. In the second decision issued by ALJ George M. Bock on
Feb. 20, 2004, ALJ Bock found that plaintiff did not request
review of the first decision. (R. 53). Moreover, plaintiff does
not allege that he requested review of the first decision.

In Mar. 2002, plaintiff filed a second application for DIB
which was denied. (R. 53, 58-60). Plaintiff requested, and on
Dec. 4, 2003 was granted a hearing before ALJ Bock. (R. 53, 664-
95). At the hearing plaintiff was represented by an attorney and
testimony was taken from plaintiff and a vocational expert. (R.
664-65). At the hearing, plaintiff's counsel noted the first
decision involved insured status and requested that the decision
be reopened. (R. 667-68). ALJ Bock requested a copy of the
first decision and plaintiff's counsel agreed to send a copy to
the ALJ. (R. 669-70). Plaintiff forwarded a copy of the prior
decision to the ALJ, and it is included in the record. (R. 100-
15). In the second decision, ALJ Bock indicated he had reviewed
the first decision, found based upon the first decision that
plaintiff was not insured for benefits, found that therefore "a
medical determination is not possible," and denied plaintiff's
application. (R. 55-56).

Plaintiff requested review of ALJ Bock's decision and submitted thirty-seven pages of material for the Appeals Council's consideration. (R. 626A-626KK). The Appeals Council issued an order making the material submitted by plaintiff a part of the administrative record but denied review. (R. 7-11). In denying review, the Appeals Council explained:

> Administrative Law Judge Bock found no basis to reopen Administrative Law Judge Blaney's decision. The evidence submitted with your request for review duplicates the evidence discussed by Administrative Law Judge Blaney and provides no basis for us to reopen Administrative Law Judge Blaney's decision or to grant review of Administrative Law Judge Bock's decision.

(R. 8). Thus, the Appeals Council found that ALJ Bock did not reopen the first decision, refused to reopen the first decision itself, and denied plaintiff's request for review of the second decision.

Because the Appeals Council denied plaintiff's request for review of the second decision, the second decision is the final decision of the Commissioner. <u>Threet v. Barnhart</u>, 353 F.3d 1185, 1187 (10th Cir. 2003). Plaintiff now seeks judicial review.

## II.  Legal Standard

The court's review of a final decision of the Commissioner is guided by the Social Security Act. 42 U.S.C. § 405(g). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual

-4-

findings are supported by substantial evidence in the record and
whether the ALJ applied the correct legal standard.  Lax v.
Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart,
287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more
than a scintilla, but less than a preponderance, it is such
evidence as a reasonable mind might accept to support the
conclusion.  Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir.
2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The
court may "neither reweigh the evidence nor substitute [it's]
judgment for that of the agency."  White, 287 F.3d at 905
(quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799,
800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172
(10th Cir. 2005).  The determination of whether substantial
evidence supports the Commissioner's decision, however, is not
simply a quantitative exercise, for evidence is not substantial
if it is overwhelmed by other evidence or if it constitutes mere
conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d
222, 224 (10th Cir. 1989).

As discussed above, the sole basis for jurisdiction in
Social Security cases arises from 42 U.S.C. § 405(g).  Brandtner
v. Dep't of Health and Human Servs., 150 F.3d 1306, (10th Cir.
1998) (citing Reed v. Heckler, 756 F.2d 779, 782 (10th Cir.
1985).  As explained in Reed, 42 U.S.C. § 405(h) bars federal
question jurisdiction in suits challenging denial of claimed

-5-

Social Security benefits.  <u>Reed</u>, 756 F.2d at 782 (citing
<u>Weinberger v. Salfi</u>, 422 U.S. 749 (1975)).  Therefore, 42 U.S.C.
§ 405(g) provides the only means of judicial review of such
claims.  <u>Mathews v. Eldridge</u>, 424 U.S. 319, 327 (1976).  In 1977,
the Supreme Court held that the Administrative Procedures Act
does not provide an implied grant of subject-matter jurisdiction
for review of the actions of the Social Security Administration.
<u>Califano v. Sanders</u>, 430 U.S. 99, 107 (1977).

     The Court in <u>Sanders</u> held that 42 U.S.C. § 405(g) limits
federal judicial review to only final decisions of the Secretary
made after a hearing, <u>Id.</u> at 108, and that a decision by the
Secretary not to reopen a case is not a "final decision of the
Secretary made after hearing," and is, therefore, not reviewable
by federal courts.  <u>Id.</u>  Where the Commissioner's refusal to
reopen is itself challenged on constitutional grounds, however,
the court may have jurisdiction to review the allegedly
unconstitutional refusal.  <u>Id.</u>, at 109.  Moreover, where the
Commissioner does not dispose of a case on the basis of <u>res
judicata</u>, but has, in fact, reopened the case by reviewing the
case on the merits and considering additional evidence, the court
has jurisdiction to review the case.  <u>Brown v. Sullivan</u>, 912 F.2d
1194, 1196 (10th Cir. 1990) (citing <u>Taylor ex rel. Peck v.
Heckler</u>, 738 F.2d 1112, 1114-15 (10th Cir. 1984)).

**III. Analysis**

Plaintiff makes four allegations of error.  (Pl. Br. 11-21).
His first claim is that ALJ Bock erred in failing to reopen the
first decision and in relying on its determination that plaintiff
was not insured for benefits.  (Pl. Br. 11-13).  In his next
three allegations, plaintiff claims ALJ Blaney[1] erred in applying
the incorrect legal standard to the evidence, in evaluating
plaintiff's credibility, and in finding that plaintiff's reported
self-employment income did not establish adequate quarters of
coverage.  Citing Sanders, 430 U.S. at 107-09; and Brown, 912
F.2d at 1196, the Commissioner argues that this court is without
jurisdiction to review the refusal to reopen the first decision.
(Comm'r Br. 3).  Thereafter, the Commissioner argues
alternatively that if the ALJ had reopened the first decision, it
was proper to determine that plaintiff did not have sufficient
coverage for insured status and to deny his application.  (Comm'r
Br. 3-8).  The court first addresses plaintiff's claim or error
in failing to reopen the first decision.

Plaintiff, who is represented by counsel before this court,
makes no argument alleging a constitutional error in failing to
reopen the first decision or alleging that ALJ Bock or the

---

[1]Plaintiff did not refer to ALJ Bock or ALJ Blaney by name
or identify the specific decision discussed.  But, plaintiff's
arguments relate to the findings of each ALJ, plaintiff's
argument regarding the first allegation refers to the ALJ as "he"
(Pl. Br. 11), and the arguments regarding the final three
allegations refer to the ALJ as "she," or "her."  (Pl. Br. 13,
16, 19).

Appeals Council effected a <u>de facto</u> reopening of the first decision.  These are the only two circumstances, however, in which the district court has jurisdiction to review a refusal to reopen a decision of the Commissioner.  <u>Blair v. Apfel</u>, 229 F.3d 1294, 1295 (10th Cir. 2000); <u>Nelson v. Sec'y of Health and Human Serv.</u>, 927 F.2d 1109, 1111 (10th Cir. 1990); <u>Brown</u>, 912 F.2d at 1196; <u>Dozier v. Bowen</u>, 891 F.2d 769, 771 (10th Cir. 1989); <u>Taylor ex rel. Peck</u>, 738 F.2d at 1114-15.  Therefore, the court is without jurisdiction to review the Commissioner's refusal to reopen the first decision and will not do so.

Plaintiff also claims that ALJ Bock erred in the second decision in relying on the first decision's determination that plaintiff was not insured for benefits.  This claim is dependent on plaintiff's claim that it was error not to reopen the first decision, an error which the court has no jurisdiction to address.  Because the first decision was not reopened, its determination that plaintiff "is not entitled to any additional quarters of coverage based on amended self-employment earnings reported on his amended 1999 United States income tax return," (R. 113) remains a decision binding on plaintiff and on the Commissioner.

In proceedings on the second application, plaintiff argued for entitlement to additional quarters of coverage based on the fact that he had amended his 1999 federal income tax return to

include additional self-employment.  This was the very issue
decided in the first decision.  As the Appeals Council noted,
"The evidence submitted with your request for review duplicates
the evidence discussed by Administrative Law Judge Blaney." (R.
8).  This statement is supported by the first decision.  ALJ
Blaney noted that plaintiff filed an amended 1999 tax return
reporting $3,063.00 of self-employment income that had not been
reported originally. (R. 106-07).  ALJ Blaney noted that
plaintiff paid self-employment taxes on an additional amount of
$2,829.00. (R. 112).  ALJ Blaney noted that an amended tax
return, which was undated and unsigned, was prepared by American
Tax Service, Inc., and that the record contained "another 1999
tax return, which is unsigned and dated June 28, 2002." (R.
112).

     The court is aware that the evidence presented to the
Appeals Council is not that contained in the record of the first
decision--which record is not before the court.  However, as the
Appeals Council noted, the tax returns included in the additional
evidence duplicates that presented to ALJ Blaney in the
proceedings leading to the first decision.  The additional
evidence contains a 1999 tax return unsigned, and dated June 28,
2002. (R. 626BB-DD).  The evidence contains a Schedule C showing
profit from a business of $3,063.00. (R. 626FF).  It contains a
Schedule SE showing payment of self-employment tax on net

-9-

earnings from self-employment of $2,829.00.  (R. 626HH).  It
contains an unsigned, and undated 1999 amended income tax return.
(R. 626II-JJ).

Pursuant to the res judicata doctrine of issue preclusion,
"'[w]hen an issue of ultimate fact has once been determined by a
valid and final judgment, that issue cannot again be litigated
between the same parties in any future lawsuit.'" United States
v. Botefuhr, 309 F.3d 1263, 1282 (10th Cir. 2002) (quoting Ashe
v. Swenson, 397 U.S. 436, 443 (1970)).  Plaintiff presents no
argument or facts which change the preclusive effect of the first
decision as to the quarters of qualifying coverage to which he
was entitled in 1999.  In his reply brief, plaintiff appears to
argue that the operative facts have changed because he filed an
amended 1999 tax return in September 2002 (seeming to imply
without stating that this return is not the same return which was
in evidence before ALJ Blaney).  However, ALJ Blaney's decision
was issued in October, 2002 after the amended tax return was
allegedly filed in September, 2002.  Moreover, and more
importantly, as discussed above, the evidence supports the
Appeals Council's finding that the evidence presented to the
Council duplicates that considered by ALJ Blaney.  Therefore,
plaintiff has not shown that the operative facts have changed,
and the first decision constitutes substantial evidence in the
record as a whole upon which ALJ Bock may base his decision that

plaintiff "is not insured for benefits and does not meet the nondisability requirements for a period of disability and Disability Insurance Benefits." (R. 55).

Plaintiff's final three allegations of error relate to errors allegedly made by ALJ Blaney in the first decision. As discussed above, plaintiff did not appeal the first decision and the first decision was not reopened. Therefore, the court is without jurisdiction to review the first decision and may not address plaintiff's final three allegations of error.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be AFFIRMED.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 14th day of January 2008, at Wichita, Kansas.


                              s/John Thomas Reid
                              **JOHN THOMAS REID**
                              **United States Magistrate Judge**