### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOBBY L. WILLIAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-4023-JAR |
| ) | |
| ) | |
| MICHAEL J. ASTRUE,[1] ) | |
| Commissioner of Social Security ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Objection (Doc. 19) to Magistrate Judge Reid's Report and Recommendation (Doc. 18) recommending that the Commissioner's decision be affirmed. The standards the Court must employ when reviewing objections to a recommendation and report are clear.[2] Only those portions of a recommendation and report identified as objectionable will be reviewed.[3] The review of those identified portions is *de novo* and the Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation."[4]

Plaintiff filed two applications for disability insurance benefits. His first application was filed in 2000; that application was denied by the Social Security Administration, a decision

---

[1] In February 2007, Michael J. Astrue was sworn in as the new Commissioner of the Social Security Administration. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Acting Commissioner Linda S. McMahon as the defendant in this suit.

[2] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

[3] *See Garcia v. City of Albuquerque*, 232 F.3d 760, 767 (10th Cir. 2000); Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).

[4] *See Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).

upheld by ALJ Blaney upon review.  In her October 11, 2002 Order, ALJ Blaney found that plaintiff was not entitled to any additional quarters of coverage based on amended self-employment earnings reported on his amended 1999 federal income tax return.  Plaintiff did not request review of ALJ Blaney's decision.

In March 2002, Plaintiff had filed a second application for disability insurance benefits.  After the Social Security Administration denied the application, Plaintiff requested and was granted a hearing.  At the December 4, 2003 hearing before ALJ Bock, Plaintiff's counsel noted that the first decision involved plaintiff's insured status; and Plaintiff's counsel asked that ALJ Bock reopen the earlier decision.  ALJ Bock denied plaintiff's application, finding that *based upon the first decision*, Plaintiff was not insured for benefits, such that "a medical determination is not possible."  At Plaintiff's request, the Appeals Council reviewed ALJ Bock's decision.  The Appeals Council considered the record, which included thirty-seven pages of materials submitted by Plaintiff to the Appeals Council.  The Appeals Council denied review stating that,

> Administrative Law Judge Bock *found no basis to reopen* Administrative Law Judge Blaney's decision.  The *evidence submitted with your request for review duplicates the evidence* discussed by Administrative Law Judge Blaney *and provides no basis for us to reopen* Administrative Law Judge Blaney's decision or to grant review of Administrative Law Judge Bock's decision. [emphasis supplied]

Plaintiff then filed this action seeking judicial review.  As Magistrate Judge Reid well explained,  42 U.S.C. §405(g) is a court's only basis for subject matter jurisdiction in suits challenging denial of claimed Social Security Benefits.[5]  Moreover, the court's jurisdiction is limited to final decisions of the Commissioner, made after a hearing; and a decision by the

---

[5]*Brandtner v. Dep't of Health and Human Servs.*, 150 F.3d 1306, (10th Cir. 1998) (citing Reed v. Heckler, 756 F.2d 779, 782 (10th Cir. 1985).

Commissioner not to reopen a case is not such a final decision made after hearing.[6]  However, if the Commissioner does not dispose of the case on the basis of *res judicata*, but instead reviews the case on its merits and considers additional evidence, the court has jurisdiction to review the case.[7]

Plaintiff contends that the Court has jurisdiction because the ALJ held a full hearing, did not assert *res judicata* as a basis to dismiss the proceeding, and essentially reopened the case by reviewing the case on its merits and considering additional evidence.  Notably, this argument is inconsistent with Plaintiff's position in the brief[8] he filed in this action.  At page 12 of Plaintiff's brief he states, "[t]he ALJ failed to reopen the case to determine the issue of disability and instead relied exclusively on the previous ALJ's decision that Mr. Williams did not have insured status."[9]  And, the record before this court certainly demonstrates that the Commissioner decided that there was "no basis to reopen."

The record further demonstrates that the Commissioner did not review the case on its merits and did not consider additional evidence.  Indeed, the Appeals Council stated that the evidence plaintiff submitted was "duplicative" of that submitted to ALJ Blaney.  In the proceeding before ALJ Blaney, plaintiff presented evidence of his amended tax return reporting an amount of $3063 in self employment income that was not originally reported.  Specifically, Plaintiff presented an undated and unsigned amended 1999 tax return, in addition to "another

---

[6]*Califano v. Sanders*, 430 U.S. 99, 107-108 (1977).

[7]*Brown v. Sullivan,* 912 F.2d 1194, 1196 (10th Cir. 1990) (citing Taylor ex rel. Peck v. Heckler, 738 F.2d 1112, 1114-15 (10th Cir. 1984)).

[8] Doc. 11.

[9] *Id.*

1999 tax return," which was unsigned and dated June 28, 2002. Plaintiff submitted to the Appeals Council an unsigned 1999 tax return dated June 28, 2002. While the evidence was not in the same form, the evidence submitted to ALJ Blaney and to the Appeals Council was nonetheless duplicative in that the evidence presented to them showed that Plaintiff reported $3063 of self-employment income and that plaintiff paid self-employment tax on an additional amount of $2829. Plaintiff simply fails to show how the evidence was not duplicative. Plaintiff also fails to show that the Appeals Council considered any new evidence or reviewed the case on its merits. Under these circumstances, the doctrine of res judicata deprives this Court of jurisdiction to review this matter.

The Court has conducted a *de novo* review, considering the relevant evidence of record. The Court agrees with the Magistrate Judge Reid's recommendation to affirm the decision of the Commissioner, and adopts the January 14, 2008 Report and Recommendation as its own.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to the Recommendation and Report (Doc. 19) is denied.

**IT IS FURTHER ORDERED** that the January 14, 2008 Recommendation and Report (Doc. 18) shall be adopted by the Court as its own.

**IT IS SO ORDERED.**

Dated this 20th day of March, 2008, at Topeka, Kansas.

S/ Julie A. Robinson
Julie A. Robinson
United States District Judge